1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>LARRY STEVEN KIRKPATRICK II,<br><br>Defendant. | CASE NO. 03cr531-IEG<br><br>ORDER DENYING WITHOUT PREJUDICE EX PARTE PETITION FOR EXTENSION OF TIME TO FILE MOTION PURSUANT TO 28 U.S.C. § 2255; DENYING AS MOOT MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* |
|---|---|

Defendant Larry Steven Kirkpatrick, proceeding pro se, has filed an ex parte petition for an extension of time to file a motion pursuant to 28 U.S.C. § 2255. [1] He has also filed an application for leave to proceed in forma pauperis.

### *Background*

The original indictment in this complex multi-defendant case was filed on February 21, 2003. On August 23, 2005, Defendant pleaded guilty to Counts 3 and 9 of the Superseding Indictment, attempted murder and conspiracy to distribute methamphetamine and marijuana. Defendant was sentenced to a term of 120 months on Count 3 and 188 months on Count 9, to run concurrently. The Court entered judgment on August 25, 2005. Many of the co-defendants have

---

[1] Pro se pleadings must be construed liberally. United States v. Neely, 38 F.3d 458, 459 fn.1 (9th Cir. 1994). Nonetheless, Defendant's application does not set forth any substantive basis for relief. Thus, the Court cannot construe it as a motion under 28 U.S.C. § 2255. United States v. Green, 260 F.3d 78, 83 (2d Cir. 2001).

- 1 -                                                                                     03cr531

1  entered guilty pleas since that time, and one remaining defendant, David Mello, is set to go to trial
2  on October 24, 2006.
3        On August 29, 2006, the Court received from Defendant an ex parte petition for an
4  extension of time to file a motion pursuant to 28 U.S.C. § 2255.

### *Discussion*

6        Section 2255 contains a one-year statute of limitations for the filing of motion under that
7  section. The limitations period begins to run from the date on which the judgment of conviction
8  becomes final. Alternatively, the time period begins to run from the latest of:

9        (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is
10 removed, if the movant was prevented from making a motion by such governmental action;

12       (3)    the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review; or

14       (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

15 28 U.S.C. § 2255 (West 2006 Supp.).

16       Where, as here, a defendant does not file a direct appeal, the federal conviction becomes
17 final for purposes of § 2255 upon the conclusion of the time in which review could have been
18 sought. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Pursuant to Fed. R. App.
19 P. 4, Defendant had 10 days from entry of the judgment to file his appeal. Therefore, Defendant's
20 conviction became final on September 8, 2005. His motion under 28 U.S.C. § 2255 is due to be
21 filed, therefore, on or before September 8, 2006.
22       Although the Ninth Circuit has not yet addressed the issue, the Second Circuit Court of
23 Appeals has held the district court may only grant an extension of time to file a motion under
24 § 2255 if "the moving party requests the extension upon or after filing an actual section 2255
25 motion" and only if the moving party has made a satisfactory showing that equitable tolling is
26 appropriate. Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001). In the Ninth Circuit, the
27 statute of limitations is equitably tolled under § 2255 where "extraordinary circumstances beyond
28 [defendant's] control make it impossible to file a petition on time and the extraordinary

circumstances were the cause of his untimeliness." <u>United States v. Battles</u>, 362 F.3d 1195, 1197 (9th Cir. 2004).

Defendant requests additional time to obtain the transcripts of the sentencing hearings of his co-defendants. Defendant has not, however, explained why such transcripts are necessary. Because Defendant has not filed a motion for relief under 28 U.S.C. § 2255, his request for an extension of time is premature. His application is DENIED without prejudice. Defendant's application to proceed *in forma pauperis* is also DENIED as moot.[2]

**IT IS SO ORDERED**.

Dated: 9/5/06      /s/ Thomas J. Whelan    for
**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California

cc:   Larry Steven Kirkpatrick II
      Reg. No. 87337-198
      United States Penitentiary
      P.O. Box 019001
      Atwater, CA  95301

      Assistant U.S. Attorney Alana Wong
      Assistant U.S. Attorney Peter Ko

---

[2] Defendant's motion to proceed *in forma pauperis* on his § 2255 motion is also moot because there is no filing fee for such motion.